## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LOPEZ, et al.,

      *Plaintiffs*,

  v.

UNITES STATES OF AMERICA, et al.,

      *Federal Defendants*.

Case No. 1:25-cv-02408-TJK

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED PRELIMINARY- INJUNCTION BRIEFING SCHEDULE

Under the Court's July 27, 2025, Minute Order, Federal Defendants submit this response to Plaintiffs' proposed preliminary-injunction briefing schedule, Dkt. No. 15.

Plaintiffs propose an unnecessarily compressed and prejudicial briefing schedule for their eleventh-hour preliminary injunction motion. Plaintiffs waited to file their motion for *more than three months* after Federal Defendants provided public notice of their intent to publish the Final Environmental Impact Statement ("FEIS") for the Resolution Copper Mine Project.[1] Plaintiffs' motion also comes nearly *eleven years* after Congress enacted the statute at issue, *four years* after three other groups of plaintiffs—including the San Carlos Apache Tribe—filed suit in the District of Arizona, and in the middle of the third round of preliminary injunction briefing since April in two of the cases. Having sat on their rights for years, Plaintiffs now ask this Court to adjudicate a new emergency motion on a schedule that would reduce the Government's time to respond by half the time provided under the local rules, leaving seventeen days before the date on which the Forest Service is statutorily required transfer title to the federal lands.

This Court should reject that unfair and prejudicial schedule. The Court should transfer venue to the District of Arizona, and Plaintiffs' motion should be adjudicated in that district. In the alternative, the Court should reject Plaintiffs' proposed schedule and order the Government to respond no sooner that <u>August 8, 2025</u>.

## A. <u>The Court Should Transfer Venue to the District of Arizona and That Court Should Set the Briefing Schedule.</u>

This case should be promptly transferred to the District of Arizona to allow that Court to set an appropriate briefing schedule. As explained in the Government's and Intervenor-Defendant's respective motions to transfer venue, this lawsuit and preliminary injunction motion is a last-minute attempt at forum shopping untimely claims that the *en banc* Ninth Circuit has already rejected (the RFRA and free exercise claims) or that are currently being briefed before another judge on a carefully orchestrated preliminary injunction schedule (the environmental and

---

[1] *See, e.g.*, Fed. Defs.' 60-Day Notice of Publication of Final Envtl. Impact Statement, *San Carlos Apache Tribe v. United States*, No. 21-cv-00068-PHX-DWL (Apr. 17, 2025), Dkt. 70. Notice was concurrently provided on the Forest Service's website at https://www.resolutionmineeis.us/.

consultation claims). Plaintiffs are Apache women and girls who (according to the addresses listed on the complaint) live in Arizona and could have brought this case there years ago, along with the many other plaintiffs seeking to stop this congressionally-mandated land exchange that was first slated to occur in 2021. The subject matter of the controversy—federal land required to be exchanged under the statute and the anticipated mining project to be developed following that exchange—are in Arizona. Thus, the impacts of project have and will be felt directly by businesses, residents, land users, members of Tribes, and governments in Arizona.

Once transferred, the District of Arizona is best positioned to set a briefing schedule for this matter based on the court's schedule and the status of the other three cases. Judge Lanza, who is presiding over two of the three pending cases there, has already taken care to structure an orderly schedule and procedure for adjudicating plaintiffs' preliminary injunction motions seeking to stop the August 19 transfer of title. The schedule in those cases balances plaintiffs' rights to be heard with the statutory deadline for the transfer of title—sixty days after the June 20 publication of the FEIS. Although the *Apache Stronghold* case before Judge Logan is presently stayed, should that status change before August 19, it would be more efficient for the District of Arizona to orchestrate the orderly resolution plaintiffs' last-ditch efforts to stop the transfer of title in all four cases rather than in only three of them.

**B. Plaintiffs' Inexcusable Delay Militates Against the Breakneck Schedule They Seek to Impose on the Government.**

It is no surprise to Plaintiffs here that the land exchange is required by statute to occur by August 19, 2025. Congress passed the statute mandating the exchange in 2014. 16 U.S.C. § 539p. And the Forest Service originally published a final EIS triggering the sixty-day deadline by which to transfer title in 2021. When the Forest Service withdrew the FEIS in March 2021, it stipulated in the three ongoing cases in Arizona that it would provide sixty-days' notice of publication of the FEIS not only to the plaintiffs in those cases but to the public as well. A little more than four years later, the agency did exactly that.  On April 17 of this year, the Forest Service provided the parties, the Court, and the public with sixty days' notice of its intent to

2

publish the FEIS. That notice informed the public of the Forest Service's intent to take the action (publication of the FEIS) that would trigger the statutory deadline by which title must transfer. The Forest Service's notice prompted a new round of preliminary injunction briefing (and preliminary injunctions) in the three District of Arizona cases. One of the injunctions dissolved when the Supreme Court denied Apache Stronghold's petition for writ of certiorari on the very RFRA and free exercise claims that Plaintiffs belatedly raise here. In the other two cases, Judge Lanza enjoined the Government from transferring title to the federal lands until August 19—the deadline Congress provided in the statute—during which time the parties will brief and the court will decide yet another round of preliminary injunction motions that followed the Forest Service's publication of the new FEIS on June 20.

Plaintiffs' delay in filing suit and bringing their motion is inexcusable. Their delay alone is reason enough to deny their preliminary injunction motions. *Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005) ("An unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm."). *See also, e.g.*, *Benisek v. Lamone*, 585 U.S. 155, 159 (2018) ("A party requesting a preliminary injunction must generally show reasonable diligence."); *Hanson v. District of Columbia*, 120 F.4th 223, 246 (D.C. Cir. 2024) ("A party's "unhurried litigation tactics counsel against a finding of irreparable harm.") (citing *Benisek*, 585 U.S. a 159); *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (44-day delay in moving for preliminary injunction "inexcusable" and "bolstered" the "conclusion that an injunction should not issue," particularly because plaintiff had knowledge of pending action that allegedly would cause irreparable harm); *Santos v. Collins*, 2025 WL 1823471, at *8 (D.D.C. Feb. 26, 2025) (plaintiff showed unreasonable delay in waiting 90 days to file preliminary injunction motion).

That delay also militates against imposing a more aggressive schedule on the Government than the fourteen days provided by the local rules. To impose the schedule Plaintiffs request would reward them for waiting until the eleventh hour to file suit seeking to stop a land

3

exchange that Congress mandated more than a decade ago and that Plaintiffs were informed was imminent more than three months ago. At the same time, it would prejudice the Government, which for its part has kept the public apprised of its intent to comply with its statutory obligations and the schedule on which it intended to proceed. As between the two parties before the Court—Plaintiffs who sat on their rights for years, and Defendants who have kept the public informed of the status of the FEIS and of their plans to carry out the land exchange mandated by Congress— Plaintiffs should bear the costs of their delay. The Court could accomplish that by shortening Plaintiffs' time for reply or dispensing with a reply brief altogether.

    **C.**  <u>**Plaintiffs Cannot Show Their Own Proposed Schedule Is Necessary.**</u>

       Putting aside that (i) the Court should transfer this case to the District of Arizona to set an appropriate schedule and (ii) that Plaintiffs' inexcusable delay makes it unfair to impose their proffered schedule, Plaintiffs have not shown their schedule is necessary to protect their interests. Under an injunction imposed by Judge Lanza, the Government is prohibited from transferring title until August 19, twenty-two days from now.  That leaves enough time for the Government to respond in the fourteen days provided under the local rules, for Plaintiffs to file a brief reply (albeit on very quick turnaround), and for the Court to issue a decision in advance of August 19. Plaintiffs have not shown they need a decision from this Court by August 12 because they will not be harmed, if at all, before August 19.

       Allowing the Government until August 8 to respond makes particularly good sense here. During the intervening time, this Court can and should decide the pending venue transfer motion. If the motion is granted, the Government will file its opposition to the preliminary injunction motion in the District of Arizona, which can then decide how to structure further proceedings, including whether and when to set a hearing on the motion. It is possible that, between now and August 8, Judge Lanza will rule on the two pending preliminary injunction motions before him, or that there is new activity in the *Apache Stronghold* case that affects Plaintiffs' claims or the need for emergency relief in this case.

In sum, the Court should transfer this case to the District of Arizona so that court may set an appropriate briefing schedule. In the alternative, the Court should allow the Government to respond to Plaintiffs' Motion on August 8, 2025.

Submitted July 28, 2025,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Erika Norman*
ERIKA NORMAN
ANGELA ELLIS
Trial Attorneys
Natural Resources Section
150 M St. NE, Third Floor
Washington, D.C. 20002
(202) 305-0475 (Norman)
Erika.Norman@usdoj.gov
Angela.Ellis@usdoj.gov

*Attorneys for Federal Defendants*